UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY
and GEICO CASUALTY CO.,

    Plaintiff,
v.                              Case No. 8:21-cv-2556-VMC-JSS

DAVID KALIN, M.D., et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Marie Antoinette Brister's Motion for Partial Dismissal of Complaint (Doc. # 80), filed on January 31, 2022. Plaintiffs GEICO Casualty Co., GEICO General Insurance Company, Geico Indemnity Co., and Government Employees Insurance Co. responded on February 4, 2022. (Doc. # 88). For the reasons that follow, the Motion is denied.

**I.**    **Background**

According to the complaint, Plaintiffs (collectively, "GEICO") initiated this action on November 1, 2021, asserting numerous claims against numerous healthcare providers. (Doc. # 1). The main theory of the case is that these healthcare providers have been submitting allegedly fraudulent and

1

unlawful personal injury protection insurance ("PIP") bills to GEICO for reimbursement.

Under Florida's No-Fault Law, "a health care services provider who possesses an assignment of PIP Benefits from an Insured and who provides medically necessary health care services to an Insured may submit claims directly to an insurance company in order to receive payment for medically necessary services." (Id. at 6). "In order for a health care service to be eligible for PIP reimbursement, it must be 'lawfully' provided, medically necessary, and the bill for the service cannot misrepresent the nature or extent of the service that was provided. Insurers such as GEICO are not required to pay anyone who knowingly submits a false or misleading statement relating to a PIP claim or charges." (Id.). "In addition, the No-Fault Law prohibits PIP reimbursement for massage or for services provided by unsupervised massage therapists." (Id. at 7).

Also, under Florida's Health Care Clinic Act (the "Clinic Act"), "clinics operating in Florida without a valid exemption from the licensing requirements must – among other things – appoint a medical director who must '[c]onduct systematic reviews of clinic billings to ensure that the billings are not fraudulent or unlawful,' and take immediate

2

corrective action upon discovery of a fraudulent or unlawful charge." (Id. at 8). "Pursuant to the Clinic Act, '[a] charge or reimbursement claim made by or on behalf of a clinic that is required to be licensed . . . but that is not so licensed, or that is otherwise operating in violation of this part . . . is an unlawful charge.'" (Id.).

GEICO alleges that all Defendants participated in similar types of fraud. That is, "each of the Defendants caused GEICO to be billed for a limited range of Fraudulent Services, namely purported: (i) initial patient examinations; (ii) follow-up patient examinations; and (iii) physical therapy services. As set forth in Exhibits 1 – 5 [to the complaint], the purported physical therapy services constituted the vast majority of the Fraudulent Services billed through each of the Clinic Defendants to GEICO." (Id. at 13).

Defendant "Nova Diagnostics was incorporated in Florida on or about August 1, 2016, purported to be owned and controlled by Defendant Antonia Guerra [], falsely purported to have [Brister] and [Defendant] Patrick Lee Agdamag, M.D. [] as its legitimate medical directors, and was used as a vehicle to submit fraudulent no-fault insurance billing to GEICO and other insurers, including billing for Fraudulent

3

Services that purportedly were performed" by Brister and others. (Id. at 5). Brister "never genuinely served as medical director[] for . . . Nova Diagnostics. Instead, from the beginning of [her] association[] with [Nova Diagnostics], [she] ceded all day-to-day decision-making and oversight regarding healthcare services to the respective Clinic Owner Defendant[] and their associates." (Id. at 11).

Brister allegedly "(i) never ensured that all health care practitioners at . . . Nova Diagnostics had active appropriate certification or licensure for the level of care being provided; (ii) never conducted systematic reviews of . . . Nova Diagnostics' billings to ensure that the billings were not fraudulent or unlawful; and (iii) never even made any attempt to discover the fraudulent and unlawful charges submitted through . . . Nova Diagnostics, much less take any immediate corrective action." (Id. at 11-12). Brister, and the other Defendants associated with Nova Diagnostics, caused Nova Diagnostics to unlawfully bill GEICO for physical therapy services that were provided by massage therapists, and permitted Nova Diagnostics to falsely represent in its billings that Defendant Kalin had either personally performed or directly supervised the performance of the putative physical therapy services. (Id. at 14-22). Brister also

allegedly caused Nova Diagnostics to routinely bill GEICO for medically unnecessary services or services that never actually were provided at all. (Id. at 24-78).

The complaint asserts the following claims against Brister: (1) violation of RICO, 18 U.S.C. § 1962(c) (Count 26); (2) violation of RICO's conspiracy provision, 18 U.S.C. § 1962(d) (Count 27); (3) violation of the Florida Deceptive and Unfair Trade Practices Act (Count 28); (4) common law fraud (Count 29); and (5) unjust enrichment (Count 30). (Doc. # 1).

Brister now moves to dismiss two of the counts asserted against her: the RICO conspiracy claim and the unjust enrichment claim. (Doc. # 80). GEICO has responded (Doc. # 88), and the Motion is ripe for review.

## II.  Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

5

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

**III. Analysis**

    **A.   RICO Conspiracy**

The federal RICO statute "was enacted in 1970 and prohibits racketeering activity connected to interstate commerce." Cisneros v. Petland, Inc., 972 F.3d 1204, 1210 (11th Cir. 2020) (citing Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1348 (11th Cir. 2016)). The statute reaches beyond organized crime and should "be liberally construed to effectuate its remedial purposes." Boyle v. United States, 556 U.S. 938, 944 (2009) (citation omitted).

Section 1962(d) of RICO "makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including [Section] 1962(c)." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010) (citation omitted). "The essence of a RICO conspiracy claim is that each defendant has agreed to participate in the conduct of an enterprise's illegal activities." Solomon v. Blue Cross & Blue Shield Ass'n, 574 F. Supp. 2d 1288, 1291 (S.D. Fla. 2008) (citation and emphasis omitted). "A plaintiff can state a RICO conspiracy claim by showing defendants: (1) agreed to the overall objective of the conspiracy; or (2) agreed to commit two predicate acts." Cardenas v. Toyota Motor Corp., 418 F. Supp. 3d 1090, 1102 (S.D. Fla. 2019). However, an agreement "need not be established by direct evidence"; "it may be inferred from the conduct of the participants." Id. at 1103; see also Cisneros, 972 F.3d at 1220 ("A RICO conspiracy can be found through 'the conduct of the alleged participants or from circumstantial evidence of a scheme.'" (quoting United States v. Browne, 505 F.3d 1229, 1264 (11th Cir. 2007))).

Notably, "[u]nlike racketeering claims predicated on fraud under Section 1962(c), conspiracy claims under Section 1962(d) only need to satisfy Rule 8 pleading requirements."

7

Cardenas, 418 F. Supp. 3d at 1103. "However, conclusory allegations, accompanied by nothing more than a bare assertion of a conspiracy, do not plausibly suggest a conspiracy." Blevins v. Aksut, No. 15-00120-CG-B, 2017 WL 10410658, at *11 (S.D. Ala. Oct. 27, 2017) (citation omitted).

Brister argues that "GEICO fails to provide any factual allegations supporting the agreement element that is a necessary part of a RICO conspiracy claim." (Doc. # 80 at 5). According to Brister, "[t]he only real factual allegation in the [c]omplaint indicating any connection between [her] and the other defendants is the allegation that she was employed by Nova Diagnostics[] and received compensation. Mere affiliation or employment however, is insufficient to establish a RICO violation." (Id. at 6); see In re Managed Care Litig., No. 00-1334-MD, 2009 WL 812257, at *6 (S.D. Fla. Mar. 26, 2009) ("[M]ere opportunity to conspire alone without direct evidence of agreement is insufficient to infer the existence of a conspiracy.").

Here, the existence of a conspiracy has been sufficiently pled. Brister was a medical director of Nova Diagnostics and was thus responsible for ensuring accurate billing. GEICO alleges that Brister "knew of, agreed to and acted in furtherance of the common and overall objective

8

(i.e., to defraud GEICO and other automobile insurers of money) by submitting or facilitating the submission of the fraudulent charges to GEICO." (Doc. # 1 at 123). GEICO also provides extensive examples of these allegedly fraudulently submitted bills. (Id. at 24; Doc. # 1-5).

This, combined with the allegations that a different medical director provided an implausible number of physical therapy services in a one-day period and that virtually every patient at Nova Diagnostics was subjected "to a medically unnecessary course of 'treatment' pursuant to pre-determined, fraudulent protocols" (Doc. # 1 at 15, 24), is sufficient to raise a reasonable inference of a conspiracy to submit fraudulent bills. See Gov't Emps. Ins. Co. v. AFO Imaging, Inc., No. 8:20-cv-2419-VMC-CPT, 2021 WL 734575, at *1, 9 (M.D. Fla. Feb. 25, 2021) (denying motion to dismiss RICO conspiracy claim where GEICO alleged that defendant clinics and false medical directors submitted or caused to be submitted thousands of PIP insurance charges for medically unnecessary MRIs and "allegedly operated in violation of Florida law because their medical directors failed to properly perform their duties"); see also Bradley v. Franklin Collection Serv., Inc., No. 5:10-cv-01537-AKK, 2011 WL 13134961, at *9 (N.D. Ala. Mar. 24, 2011) ("From these allegations, the court

9

infers that the [defendants] may have agreed to participate in the racketeering activity. Whether plaintiffs can ultimately prevail on this claim is an issue that is not determinative at this juncture. Rather, the relevant inquiry here is simply whether plaintiffs have pled a plausible claim. As it relates to [Section] 1962(c), the answer is yes. Accordingly, the motion is denied as to the claim that defendant conspired to violate [Section] 1962(c) in violation of [Section] 1962(d).").

The Motion is denied as to this claim.

### B. Unjust Enrichment

To state a claim for unjust enrichment under Florida law, GEICO must sufficiently allege the following elements: "(1) [the] plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) [the] defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff." Muy v. Int'l Bus. Machs. Corp., No. 4:19-cv-14-MW/CAS, 2019 WL 8161745, at *1 (N.D. Fla. July 19, 2019) (quoting Agritrade, LP v. Quercia, 253 So.3d 28, 33 (Fla. 3d DCA 2017)).

Brister argues this claim, which was asserted against her and the other Nova Diagnostics Defendants, must be dismissed because it "is not independent from the allegedly wrongful conduct by the Nova Diagnostics Defendants, and it was not pled in the alternative." (Doc. # 80 at 7). Brister relies in part on dicta in two Eleventh Circuit opinions, in which that court quoted a law review article: "As soon as [a] claimant relies on a wrong [to supply the unjust factor], the right on which he relies arises from that wrong, not from unjust enrichment." Guyana Tel. & Tel. Co. v. Melbourne Int'l Commc'ns, Ltd., 329 F.3d 1241, 1245 n.3 (11th Cir. 2003) (quoting Peter Birks, Unjust Enrichment and Wrongful Enrichment, 79 Texas L. Rev. 1767, 1783 (2001)); see also Flint v. ABB, Inc., 337 F.3d 1326, 1331 n.2 (11th Cir. 2003) ("The law of unjust enrichment is concerned solely with enrichments that are unjust *independently* of wrongs and contracts." (citing 79 Texas L. Rev. at 1783)).

Many district courts have embraced this language and dismissed unjust enrichment claims premised on wrongful conduct, although some courts disagree with this approach. See, e.g., AIM Recycling Fla., LLC v. Metals USA, Inc., No. 18-60292-CIV, 2019 WL 1991946, at *1-2 (S.D. Fla. Mar. 4, 2019) ("A number of courts hold that a claim of unjust

enrichment may not be predicated on a wrong committed by a defendant. . . . However, other courts reject this position, and maintain that Florida law makes no distinction between wrongful enrichment and unjust enrichment; these courts hold that a claim of unjust enrichment may be predicated on a wrong."); Delta Air Lines, Inc. v. Network Consulting Assocs., Inc., No. 8:14-cv-948-SCB-TGW, 2014 WL 4347839, at *10 (M.D. Fla. Sept. 2, 2014) ("The Court agrees with the Millennium Defendants that an unjust enrichment claim under Florida law should be dismissed. This is because there is a difference between unjust enrichment, which refers to mistaken transfers, and wrongful enrichment, which refers to wrongful takings.").

In response, GEICO contends first that, "with the allegations in [its] [c]omplaint entitled to the benefit of every reasonable inference, [the] unjust enrichment claim is pleaded in the alternative to its claims alleging wrongful conduct." (Doc. # 88 at 15). The Court agrees. See AIM Recycling Fla., LLC, 2019 WL 1991946, at *2 ("The Court notes that Plaintiffs' claim of unjust enrichment is not as clearly pled in the alternative as it could be. Nevertheless, viewing the pleading in the light most favorable to the non-moving party, the Court holds that Plaintiffs' unjust enrichment

claim is adequately pled in the alternative in anticipation of Defendants claiming that they committed no wrong, and will deny the instant Motion [] as to Plaintiffs' unjust enrichment claim."). Although GEICO could have more clearly pled the unjust enrichment claim in the alternative, the Court accepts the claim as having been pled in the alternative to the other claims premised on wrongful conduct. Thus, even assuming that an unjust enrichment claim may not be predicated on wrongful conduct, dismissal is not warranted.

The Motion is denied as to this claim.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Marie Antoinette Brister's Motion for Partial Dismissal of Complaint (Doc. # 80) is **DENIED**. Defendant's answer to the complaint is due within fourteen days of the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of March, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE