UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GOVERNMENT EMPLOYEES
INSURANCE CO., GEICO
INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY
and GEICO CASUALTY CO.,

    Plaintiff,
v.                              Case No. 8:21-cv-2556-VMC-JSS

DAVID KALIN, M.D., et al.,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Julie S. Sneed's Report and Recommendation (Doc. # 230), recommending that Plaintiffs' Motion for Final Default Judgment (Doc. # 215), seeking entry of default judgment against Defendants Nova Diagnostics, Corp and Patrick Lee Agdamag, be granted in part.

As of this date, no party has filed an objection to the Report and Recommendation, and the time for the parties to file such objections has elapsed.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and

1

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusion of the Magistrate Judge. Plaintiffs' Motion for Final Default Judgment (Doc. # 215) is granted in part. Specifically, default judgment is granted as to Plaintiffs' Twenty-Eighth Cause of Action for violation

of the FDUTPA, on Plaintiffs' Twenty-Ninth Cause of Action for common law fraud, and on Plaintiffs' Thirtieth Cause of Action for unjust enrichment against Nova Diagnostics and Agdamag. Additionally, a declaratory judgment is granted in favor of Plaintiffs and against Nova Diagnostics on Plaintiffs' Twenty-Fifth Cause of Action, declaring that Nova Diagnostics has no right to receive payment for any pending bills submitted to Plaintiffs. However, because there are other causes of action remaining against Agdamag, the Court will delay entry of judgment until those claims are resolved.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 230) is **ADOPTED.**

(2) Plaintiffs' Motion for Final Default Judgment (Doc. # 215) is **GRANTED** in part.

(3) Plaintiffs are entitled to a default judgment against Defendants Nova Diagnostics and Patrick Lee Agdamag on Plaintiffs' Twenty-Eighth Cause of Action for violation of the FDUTPA, on Plaintiffs' Twenty-Ninth Cause of Action for common law fraud, and on Plaintiffs' Thirtieth Cause of Action for unjust enrichment. Plaintiffs are awarded damages in the amount of

$637,688.10 and prejudgment interest in the amount of $22,993.98.

(4) Plaintiffs are entitled to a declaratory judgment against Defendant Nova Diagnostics on Plaintiffs' Twenty-Fifth Cause of Action. The declaratory judgment pursuant to 28 U.S.C. § 2201 shall declare that Defendant Nova Diagnostics has no right to receive payment for any pending bills submitted to Plaintiffs.

(5) However, the Clerk is directed to delay entering final judgment against Defendants Nova Diagnostics and Agdamag in accordance with the above until Plaintiffs withdraw, terminate, or make a proper motion for default judgment on the remaining causes of action against Agdamag.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of January, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE